Filed 7/13/26  Walker v. Beacher CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| KYLE WALKER,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN BEACHER,<br><br>    Defendant and Appellant. | H053638<br>(Santa Clara County<br> Super. Ct. No. 24CH012660) |
| GABRIEL BORDEN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN BEACHER,<br><br>    Defendant and Appellant. | H053663<br>(Santa Clara County<br> Super. Ct. No. 24CH012597) |

Plaintiffs Kyle Walker and Gabriel Borden each obtained civil harassment temporary restraining orders (TROs) against defendant Jonathan Beacher under Code of Civil Procedure section 527.6.[1]  The trial court initially issued each TRO for approximately 30 days.  It later extended the orders to subsequent dates because Walker and Borden did not serve Beacher.  Beacher was never served in either action, and the trial court thus stated that the orders expired on their own terms.

---

[1] Unspecified statutory references are to the Code of Civil Procedure.

Months later, Beacher moved the trial court to declare the TROs void.  The trial court denied the motion, stating the matter was moot because the TROs had already expired.

Beacher challenges the trial court's denial of his motion, along with other aspects of the trial court's actions during the motion hearing.  We conclude Beacher's appeal in each case is moot, and we therefore dismiss the appeals.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The TRO applications by Walker and Borden were based on similar allegations, and the trial court took comparable action in each case.  Borden filed his TRO application first, on May 28, 2024.  Walker filed his TRO application on June 21, 2024.  Both applications asserted that Beacher harassed the petitioners through text messages and other electronic communications, and they each attached copies of these communications.  Both applications listed no address for Beacher, averring that Beacher used to live in Santa Clara County, that he lived out of the country at the time of the petitions, that he worked remotely for a company in California, and that he would visit his brother in San Jose.  Both Walker and Borden also submitted declarations with their TRO applications stating that giving notice of the applications was impossible because Beacher's address was unknown.  However, the actual TRO forms listed a San Jose address for Beacher.

The trial court granted both TROs.  The court granted Walker's TRO on June 21, 2024, stating that the order would expire at the end of a hearing scheduled for July 23, 2024.  The trial court granted Borden's TRO on May 28, 2024, stating that the order would expire at the end of a hearing scheduled for July 2, 2024.  The trial court then ordered the hearing on both TROs continued for good cause due to lack of service on Beacher, with the hearing on Walker's TRO continued to September 10, 2024, and the hearing on Borden's TRO continued to August 6, 2024.

Sheriff's declarations in both cases stated that service could not be effected at the San Jose address listed for Beacher.  Thus, the trial court took both matters off calendar

2

on the dates of the rescheduled hearings, stating that the orders expired on their own terms.

Beacher later moved the trial court to declare both TROs void ab initio. The motion is not contained in the appellate record, but a transcript of the motion hearing has been provided. The trial court stated it was "puzzled" by the motion because Beacher previously moved to set aside the TROs, and the court had ruled that "there was no order to set aside." The court then referenced the instant "motion in support to void the temporary restraining order," stating that the "temporary restraining order has expired on its own terms so it does not have any legal effect and is, therefore, moot."

Beacher's counsel responded by arguing that the TROs "continue to cause concrete, . . . ongoing harm," including reputational damage, potential employment consequences, and the possibility of contempt proceedings should Walker and Borden allege Beacher violated the TROs. Beacher's counsel argued that "void judgments are never moot" pursuant to section 473, subdivision (d), asserting that "a void judgment can be set aside at any time because the order is void *ab initio* from the very outset" and "[i]t shouldn't have been ordered at all in the first place." Counsel argued that the court lacked personal jurisdiction over Beacher because he was outside the United States during the entire period of the TROs, service was never effected, and the orders exceeded the maximum period allowed in section 527.6.

The trial court responded that it granted each TRO based on "reasonable proof of harassment and irreparable harm to the petitioner," that the court necessarily issued the TROs without knowing whether it had personal jurisdiction over Beacher, and that any questions regarding whether the petitions should have been issued would have been properly raised at the hearings that were scheduled and continued. The court stated: "[W]hat's before me is there are temporary orders that expired and now there's nothing. I'm not reviving the orders so that we could discuss them and have a hearing on the merits."

3

After further argument from Beacher's counsel, the trial court denied the motion. Beacher separately and timely appealed the trial court's denial of his motion concerning both TROs. This court ordered the two appeals considered together for purposes of oral argument and decision.

## II. DISCUSSION

Beacher raises several arguments in both cases concerning the issuance of the TROs, the denial of his motion to declare the TROs void, and related actions by the trial court in the motion hearing. His primary argument in both cases is that the trial court erred in denying his motion because the TROs were void ab initio. We conclude that Beacher's appeals are moot because the TROs expired due to lack of service.

### A. *TRO Application Process Under Section 527.6*

"Section 527.6 was enacted 'to protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California Constitution. [Citations.] It does so by providing expedited injunctive relief to victims of harassment. [Citation.]" (*Brekke v. Wills* (2005) 125 Cal.App.4th 1400, 1412.) "The quick, injunctive relief provided by section 527.6 'lies only to prevent threatened injury'—that is, future wrongs. [Citation.] The injunctive relief is not intended to punish the restrained party for past acts of harassment. [Citations.]" (*Yost v. Forestiere* (2020) 51 Cal.App.5th 509, 520.)

Section 527.6, subdivision (a)(1) states that a person who has suffered harassment may seek a TRO. "A temporary restraining order may be issued with or without notice, based on a declaration that, to the satisfaction of the court, shows reasonable proof of harassment of the petitioner by the respondent, and that great or irreparable harm would result to the petitioner." (*Id.*, subd. (d).) "A request for the issuance of a temporary restraining order without notice under this section shall be granted or denied on the same day that the petition is submitted to the court," except that the order may be granted or denied on the next business day if "the petition is filed too late in the day to permit effective review." (*Id.*, subd. (e).)

4

"A temporary restraining order issued under this section shall remain in effect, at the court's discretion, for a period not to exceed 21 days, or, if the court extends the time for hearing under subdivision (g), not to exceed 25 days, unless otherwise modified or terminated by the court." (§ 527.6, subd. (f).) "Within 21 days, or, if good cause appears to the court, 25 days from the date that a petition for a temporary order is granted or denied, a hearing shall be held on the petition." (*Id.*, subd. (g).) The protected party must serve the restrained party with the TRO and other documentation at least five days before the hearing, unless the court shortens the time for service for good cause. (*Id.*, subd. (m)(1).)

At the hearing on the TRO petition, the court shall issue an order prohibiting the harassment if, after receiving evidence, the court finds by clear and convincing evidence that unlawful harassment exists. (§ 527.6, subd. (i)(1).) The court may grant a continuance of the hearing on the TRO petition upon a showing of good cause. (*Id.*, subd. (p)(1).) "If the court grants a continuance, any temporary restraining order that has been granted shall remain in effect until the end of the continued hearing, unless otherwise ordered by the court. In granting a continuance, the court may modify or terminate a temporary restraining order." (*Id.*, subd. (p)(2).)

## B. *Analysis*

As a preliminary matter, Beacher may not prevail on any of his claims of error because he has failed to include in the record on appeal his motion to declare the TROs void, along with a declaration that the register of actions states was filed with the motion. A party challenging a judgment or an appealable order "has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 (plur. opn.).) " '[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed. [Citations.]" (*Gee v. American Reality & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) An adequate record does not exist where the appellant has not included the motion that is the subject of the

5

appeal. (See *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) Without reviewing the motion the trial court denied and any materials submitted with that motion, we cannot meaningfully assess the trial court's ruling on the motion and we must affirm the trial court's ruling.

Moreover, based solely on the transcript of the motion hearing, it appears Beacher did not raise to the trial court several of the issues he now raises on appeal. For example, he argues to this court that the TROs were void based on the requirements to surrender firearms and because Walker and Borden committed fraud in the TRO applications, and he contends that the TROs should not have been issued because they were based on constitutionally protected speech. Beacher did not raise any of these arguments during the motion hearing. " '[A] party to an action may not, for the first time on appeal, change the theory of the cause of action [citations] and . . . issues not raised in the trial court cannot be raised for the first time on appeal.' [Citations.]" (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603.) Beacher has thus forfeited several of the issues he now raises on appeal.

Setting aside the lack of an adequate record and Beacher's forfeiture of several issues, however, Beacher cannot prevail on the merits of his appeals because his appeals are moot. The trial court denied Beacher's motion to declare the TROs void, reasoning that the motion was moot because the TROs expired and no further order was issued. We similarly conclude that Beacher's appeals are moot because the TROs expired before his motion.

"A court is tasked with the duty ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' [Citation.]" (*In re D.P.* (2023) 14 Cal.5th 266, 276.) "A case becomes moot when events ' "render[] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief." ' [Citation.] For relief

6

to be 'effective,' two requirements must be met.  First, the plaintiff must complain of an ongoing harm.  Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks.  [Citation.]"  (*Ibid.*)

The two TROs expired in August and September 2024 because Beacher was not served and thus no hearing could be conducted.  At that point, the orders no longer remained in effect.  "If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot."  (*Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144.)  Thus, Beacher's motion to declare the TROs void was moot.  His appeals from the denial of his motion similarly must be dismissed as moot.  (See *O'Kane v. Irvine* (1996) 47 Cal.App.4th 207, 210, fn. 4 [appeal from TRO following grant of three-year restraining order was moot]; cf. *In re E.F.* (2021) 11 Cal.5th 320, 326 [appeal of TRO rendered moot by juvenile court's subsequent grant of three-year restraining order, but exercising discretion to review issue]; *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495 [appeal not moot where restraining order was renewed before its expiration].)

At the motion hearing, Beacher alleged that he could be prosecuted for violating the TROs during the period they were in effect, be subject to adverse employment impacts, or sustain reputational damage.  However, he raises no assertion on appeal that any such harm has occurred or might occur.  He relies on *Caldwell v. Coppola* (1990) 219 Cal.App.3d 859 to argue that his appeals are not moot because "a restraining order carries a specific 'stigma' that could damage the defendant's reputation in the community" and he "had a right to clear his name even after the order expired." However, *Caldwell* did not discuss mootness or any " 'stigma' " resulting from TROs. Instead, *Caldwell* merely held that "a named person protected under a domestic violence injunctive order cannot validly personally serve such orders and related legal process on a defendant."  (*Id.* at p. 865.)

7

We understand Beacher to make two additional primary arguments why he is subject to ongoing harm and thus his appeals are not moot. First, he argues that he experiences ongoing consequences because the TROs were transmitted for entry into the California Law Enforcement Telecommunications System (CLETS). He asserts that the CLETS entries have harmed him because he "has been subject to secondary questioning and cross examination from United States Border Patrol after the dismissal of the [TROs], which did not happen before the CLETS entries." Second, Beacher asserts that he is "a claimant in pending federal administrative proceedings . . . where the primary remedy sought is equitable reinstatement of employment." He asserts that if evidence of the TROs is introduced in those administrative proceedings, it could negatively impact his chances of obtaining reinstatement.

Neither of these arguments persuades us that Beacher's appeals are not moot. The TROs did direct the clerk to transmit the orders to be entered into the California Restraining and Protective Order System through CLETS. However, section 527.6, subdivision (r) states that information about a TRO's "termination" is also to be provided to the relevant law enforcement agency or entered into CLETS. (*Id.*, subd. (r)(2)-(3).) Moreover, Beacher has not shown that he suffers any ongoing harm from any information about the TROs that was or is in CLETS. He alleges that he has been subject to increased border patrol questioning, but he provides no declaration or other evidence to support this assertion, he does not state whether such questioning occurred more than once, and he does not assert that his ability to cross the border has actually been impacted. And even if any CLETS entry has caused Beacher to be subject to increased questioning at the border, he does not contend that granting his motion to declare the TROs void ab initio would redress or rectify this harm. We recognize that in *In re E.F.*, *supra*, 11 Cal.5th at pp. 328-329, our Supreme Court stated that the "potential consequences of a TRO" under

8

Welfare and Institutions Code section 213.5[2]—including entry into CLETS—"counsel against an inference that the Legislature intended to eliminate the standard notice requirement that affords the juvenile an adequate opportunity to contest an application for a TRO." However, that case dealt with notice, not mootness, and the California Supreme Court did not hold that the possibility of an *expired* TRO being included in CLETS causes any ongoing harm to the restrained party.

Beacher's assertion regarding federal administrative proceedings to seek reinstatement likewise does not show that he suffers any ongoing harm from the TROs. He merely speculates that if evidence of the TROs were to be introduced in the federal administrative proceedings, his case could be harmed. Beacher alleges that these proceedings seek reinstatement under whistleblower protection actions.[3] He does not explain how evidence of the TROs might be introduced in these proceedings or how such evidence would damage his claim to reinstatement. In addition, Beacher does not specify how granting his motion would redress or rectify any harm. We therefore conclude that Beacher has not demonstrated any ongoing harm in this regard.

Beacher raises numerous other challenges to the trial court's actions in denying his motion to declare the TROs void. Many of these arguments appear to be aimed at the merits of issuing the TROs or related actions by the trial court in the motion hearing rather than the mootness issue. Because the TROs expired and Beacher's challenge to

---

[2] Welfare and Institutions Code section 213.5 "empowers the juvenile court to issue a wide range of restraining orders." (*In re Carlos H.* (2016) 5 Cal.App.5th 861, 867.)

[3] Beacher requests judicial notice concerning documents related to proceedings before the federal Occupational Safety and Health Administration. Beacher states that these documents were not presented to the trial court because they did not exist at the time of the hearing on Beacher's motion. " 'Reviewing courts generally do not take judicial notice of evidence not presented to the trial court' absent exceptional circumstances. [Citation.]" (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2.) Beacher has not shown exceptional circumstances here. We therefore deny the request for judicial notice.

the trial court's denial of his motion is moot, these arguments are likewise moot and need not be addressed.

Beacher argues that because section 473, subdivision (d) states that a court may "set aside any void judgment or order," the trial court could have declared the TROs void even though they expired. Beacher argues that the TROs were void because he "was not a resident of California during the restraint period," and thus the trial court lacked jurisdiction to issue TROs concerning him. However, the TRO applications supplied information that: Beacher repeatedly harassed Walker, Borden, and other parties who live in California; Beacher lived and/or visited California sporadically; Beacher worked remotely for a company based in California; and Beacher's brother warned Borden that Beacher was flying to California. At the initial stage where the trial court issued the TRO, the court merely considers whether to issue an interlocutory order and does not make a determination on the merits. (See *Landmark Holding Group v. Superior Court* (1987) 193 Cal.App.3d 525, 528.) At this initial stage, the information in the TRO applications provided reasonable grounds for the trial court to conclude that Beacher had sufficient "minimum contacts" with California to provide personal jurisdiction. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444; cf. *Burdick v. Superior Court* (2015) 233 Cal.App.4th 8, 13 [in a defamation lawsuit, a nonresident is not subject to personal jurisdiction in California for allegedly posting defamatory statements about a California resident on a publicly available Facebook page where there was no evidence the defendant's Facebook page was focused on California and defendant had no other ties to California].)

Beacher also argues that the TROs are void and his appeals are therefore not moot because the trial court continued the TROs past the 25-day period outlined in section 527.6, and thus each TRO was "legally transmuted into a *de facto* preliminary injunction," which exceeded the trial court's jurisdiction. However, nothing in section 527.6 suggests a hearing occurring beyond the specified 25-day period deprives a

10

trial court of its fundamental jurisdiction to hear the matter, or that the 25-day time limit is mandatory. Although the statute states that a TRO "shall" remain in effect for the stated period and that a hearing "shall" be held on the petition within the stated period (§ 527.6, subds. (f), (g)), other language indicates the Legislature did not intend these time limits to be mandatory. Section 527.6, subdivision (f) provides that a temporary restraining order shall remain in effect for a period not to exceed 25 days "unless otherwise modified or terminated by the court." The respondent may obtain a continuance "as a matter of course" and "for a reasonable period" (*id.*, subd. (o)), while the court may grant either party a continuance "on a showing of good cause" or on the court's own motion (*id.*, subd. (p)(1)). During the period of continuance, any TRO issued remains in effect unless the court otherwise orders, and in granting a continuance, the court may modify or terminate the TRO. (*Id.*, subd. (p)(2).) The ability both to modify the length of a temporary restraining order and to continue the hearing on the petition supports the conclusion that the statute's time limits are directory rather than mandatory. Here, the trial court's actions in setting the hearing dates outside the statutory time limit and in continuing the hearings did not render the orders void. Accordingly, Beacher's claim that his appeals are not moot because the TROs were void fails.

Finally, Beacher asserts that the TROs were void because they specified that he could not own or possess any firearms during the period of temporary restraint, and that he must sell, turn in, or store with a licensed gun dealer or a law enforcement agency any firearms in his possession or control within 24 hours of being served. Beacher argues that the trial court could not issue such orders because he resided in Canada when the orders were issued, and complying with the orders would require him to import firearms into the United States and complete other requirements that could not be accomplished in the time allotted. However, Beacher does not assert that he actually owned any firearms, and he was never served with the TROs. Beacher argues that an order directing him to do an impossible act is void, but the one authority he cites to support this assertion—*Board*

*of Supervisors v. Superior Court* (1995) 33 Cal.App.4th 1724—does not support his claim, as that case dealt with contempt proceedings concerning a consent decree and did not discuss voidness.  Thus, this argument fails.

"[T]here are three discretionary exceptions to the rules regarding mootness: (1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination [citation].'  [Citation.]"  (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479-480.)  Beacher's only argument that one of these exceptions applies involves his assertion that Walker and Borden "deprived the trial court of the ability to exercise informed discretion for determining personal and *in rem* jurisdiction by committing extrinsic fraud on the trial court" in falsely stating that they did not know Beacher's address while listing the San Jose address on the TRO forms.  He asserts that this presents an "important question[] of law" that requires a decision on the merits.  However, both TRO petitions listed no known address for Beacher and stated that Beacher was believed to be living out of the country.  Beacher does not demonstrate any falsity in this regard.  Even if the TRO applications contained some inconsistency, Beacher does not allege or demonstrate that such discrepancy extends beyond the instant case or that the issue is likely to recur.  Thus, no discretionary exception to the mootness rule applies.

The TROs expired in August and September 2024, well before Beacher's September 2025 notice of appeal.  The TROs no longer exist.  We therefore must dismiss these appeals as moot.

## III. DISPOSITION

The appeals are dismissed as moot.  As respondents made no appearance in this appeal, there are no costs to award.

_____
Greenwood, P. J.

WE CONCUR:


_____
 Danner, J.




_____
 Bromberg, J.




H053638 Walker v. Beacher
H053663 Borden v. Beacher